CRICHTON, J.,
additionally concurs assigns reasons:
hi agree with the Court’s decision, to deny this writ application but write separately to emphasize that this silly drama undermines serious business—the efficient administration .of criminal justice. This writ application concerns an assistant district attorney (“ADA”), who sent unprompted, and inappropriate text messages to a trial judge on Criminal District Court. The ADA complained to the trial judge, requesting she stop speaking negatively about the ADA to his colleagues. But even though the trial judge ordered the ADA to stop texting her court-issued cellphone, the ADA defiantly continued to do so, which I believe to be sufficient grounds for a finding of direct contempt of court. See generally La. C.Cr.P. art. 21(A)(5); see also Rules of Prof. Conduct R. 3.5(d) (stating a lawyer shall not “engage in conduct intended to disrupt a. tribunal.”). Further, the trial judge’s alleged conduct—including on one occasion referring to the District Attorney and ADA as “Satan” and “Lucifer”—is, to-say the least, problematic. See Code of .Judicial Conduct Canon 2 (providing that a judge “shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary”). This reality-show behavior has no place in our criminal justice system, which should be less burdened by unprofessional actors and more supported by lawyers who uphold their oath to serve the people of Louisiana. See La. Lawyer’s Oath, available at https://www.lsba.org/ Members/LawyersOath.aspx (“I will maintain the respect due to courts of justice and judicial officers.”).